IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JEREMY RAY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 2:24-cv-00027 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| MARTIN J. O'MALLEY, | ) | MAGISTRATE JUDGE NEWBERN |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pro Se Plaintiff Jeremy Ray Davis has not complied with the Court's orders to file a motion for judgment on the administrative record (Doc. Nos. 6, 17, 25) in this social security benefits appeal or kept the Court apprised of his current address. The Court ordered Davis to show cause by March 5, 2025, why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to keep the Court apprised of his current address and for failure to prosecute. (Doc. No. 12, 25). The Court also ordered Davis to file a motion for judgment on the administrative record with his response. (Doc. No. 25). Davis has not responded to the show-cause orders and has not filed a motion for judgment on the administrative record. Accordingly, for the reasons stated herein this action will be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b).

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties

seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court

2

Case 2:24-cv-00027    Document 26    Filed 03/17/25    Page 2 of 6 PageID #: 454

to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

## II. ANALYSIS

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, shows a record of delay and failure to comply with Court orders by Davis. The factual and procedural background of the case is set forth in detail in the show-cause order (Doc. No. 25) and is incorporated by reference for purpose of this Order.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Davis's failure to file a motion for judgment on the administrative record and failure to respond to the Court's show-cause order. Nevertheless, Davis's inaction reflects willfulness and fault for purposes of Rule 41(b). *See Delgado v. Saul*, No. 3:19-cv-00951, 2020 WL 2512824, at *2 (M.D. Tenn. May 15, 2020) (finding that pro se plaintiff's failure to file motion for judgment on administrative record and failure to respond to show-cause order indicated willfulness and fault under Rule 41(b)), *report and recommendation adopted by* 2020 WL 4539174 (M.D. Tenn. Aug. 6, 2020); *Lannom v. Soc. Sec. Admin.*, No. 1:18-cv-00069, 2019 WL 5101168, at *2 (M.D. Tenn. Oct. 11, 2019) (same), *report and recommendation adopted by* 2020 WL 70941 (M.D. Tenn. Jan. 7, 2020). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the Commissioner has filed the administrative record. (Doc. No. 8) This is typical of the early stages of social security litigation and was not necessitated by Davis's failure keep the court apprised of his current mailing address or failure to file a motion for judgment on the administrative record. *See Schafer*, 529 F.3d at 739; *see also Delgado*, 2020 WL 2512824, at *2; *Lannom*, 2019 WL 5101168, at *2. However, Davis's failure to timely update his address caused

4

the Commissioner to undertake efforts to obtain a current address and serve the administrative record and other filings on him, thereby causing the Commissioner to waste time, money, and effort. (*See* Doc. Nos. 16, 19, 24). The time, money, and effort expended was not likely "substantial," but would not have been necessary had Davis kept the Court and Defendant apprised of his mailing address. Accordingly, this factor weighs in favor of dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Davis that failure to comply with its show-cause order would likely result in a recommendation that this action be dismissed. (Doc. No. 25 at 5). This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

### III. CONCLUSION

Because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, weigh in favor of dismissal, this action is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE